Good afternoon. This is a hearing in United States of America v. Irina Morgovsky, Ninth Circuit, docket number 18-10448. And this hearing is addressing the request of Ms. Morgovsky to represent herself in this appeal. And I also have pending a motion by her current counsel, Karen Landau, to be relieved. And I've received just before the hearing an introductory statement concerning the hearing. All right. So I intend to focus on the question of self-representation in the hearing. And I think that the question of the motion to be relieved by Ms. Landau is tied into that. It doesn't necessarily have to be decided similarly, but I'm not going to spend time addressing that motion. I really want to focus on the self-representation matter. All right. So we don't have a court reporter here. That's no longer occurring in our court, but we are recording the proceedings. So in the event that there's any need for a record of it, the recording of this proceeding will be available on the docket. All right. Although this is a lovely, venerable courtroom, and it's small and intimate, the acoustics are surprisingly poor. So it's necessary when I have somebody speaking that they come to the lectern and speak right into the microphone so that the equipment can pick up what occurs here. So before I go any further, let me ask Ms. Landau, is there any statement or any other issue you wish to raise at this time before I proceed? No, Your Honor. I think the main question is whether Mrs. Morgofsky – well, I do think that while self-representation is the primary purpose of this hearing, I think Mrs. Morgofsky also doesn't want me to represent her. So I think that you may want to consider that as well. But other than that, no. Right. I don't think that anything that would occur in the hearing would add to what I have seen in the written material. So I don't intend to ask any questions about that. I think I have everything I need to make that determination. All right. Thank you. All right. So let me ask Ms. Morgofsky to come to the lectern. Your Honor, I do think that Mrs. Morgofsky would like to have this hearing conducted without the government's presence. Is that correct? It depends, you know, what kind of question it is going to be. It was to discuss our relationship. Yes, I would like it to be done in camera. Okay. Ms. Morgofsky, would you step to the left so we can hear you? All right. I don't intend to ask any questions about the relationship, attorney-client relationship. Okay. So given that, I see no need to exclude the government, and I would be interested in any position that the government might have on the question of self-representation because it will affect the government as well as the court and you. All right. So before we begin, Ms. Morgofsky, I'm going to ask my courtroom deputy to administer the oath so that everything you say will be under penalty of perjury. Please raise your right hand. Do you solemnly affirm the statements you are about to make in the case now before this Court are with the truth, the whole truth, and nothing but the truth, and do you solemnly affirm the penalty of perjury? I do. State your name and last name. Irina Morgofsky. Irina, I-r-i-n-a, last name Morgofsky, M-o-r-g-o-v-s-k-y. Thank you. Ms. Morgofsky, do you have any physical or mental impairments that could affect your ability to participate fully and knowingly in the proceedings today? I don't. Are you under the influence of any drugs or alcohol? No. Are you able to hear me and to respond freely? Yes. All right. In response to your request to represent yourself in this appeal, the Court has authorized me to conduct this hearing to make sure that you understand the dangers and disadvantages of self-representation on appeal and to make sure that your request is knowing, intelligent, and unequivocal. Do you understand that? Yes. You have the right to counsel on this appeal. If you cannot afford to retain counsel, you are entitled to have counsel appointed to represent you at government expense. The Court also has discretion to allow you to represent yourself if your request is knowing, intelligent, and unequivocal and is not intended to delay the proceedings on appeal. In determining whether the Court should exercise its discretion to allow you to represent yourself, I'm going to first inform you of the dangers and disadvantages of self-representation, second, inquire whether the issues on appeal are so complex that the assistance of counsel would aid the Court in deciding the case, and third, inquire whether granting self-representation could unduly burden the Court or undermine the integrity of the outcome. Do you understand all that? I do. You also may withdraw your request to represent yourself, and in that event you may continue with present counsel or I am authorized to appoint new counsel to represent you on appeal. The Court of Appeals does not, however, allow for advisory or standby counsel, so you can't represent yourself and simultaneously have counsel appointed to represent you. Do you understand that? Yes, I do. All right. Because the question of self-representation entails an evaluation as to your ability to adequately present the issues on appeal and articulate them in writing, it would be helpful for me to get some sense of your background, so I'd like to kind of briefly review your education, your work history, and any experience that you might have had in doing the kind of analytic legal writing that is required in order to perfect an appeal in our court. So let me begin by asking you about your education. Okay. I have a master's degree. It's been a long time ago, but I do have a master's degree in engineering from the country where I was born, from Ukraine. I worked for almost seven years for Bechtel Corporation, started as a designer, and then been promoted to engineering position. And then when my husband opened a business, a custom cabinetry business, I joined him, and I was working with my husband in that business until 2003, to the year when the business was closed. I do not have any experience or education in legal field. I don't. And I would never ask to represent myself if I would have to argue during the trial. But on this stage of this case, I do have a motion for bail pending appeal in place. I also do have a legal brief ready to be filed. So at this stage, I feel that I can represent myself because I do have both motion for bail and brief, which I'm completely satisfied with. So how did that brief get drafted? It's been a collective effort. My husband, his attorney, wonderful Elizabeth, Ms. Polk, outside counsel, our friend since, I don't know, 15 years at least, and me. So it was a collective effort. Did you say Ms. Polk? Ms. Polk. And who is Ms. Polk? Ms. Polk is the counselor who represents my husband. And again, because we are co-defendant and we have joint defense agreement, I used whatever she prepared as a part of my motion for bail. So let me – Okay. Okay. I thought you said Polk, but is this Elizabeth Falk? Yes. She's right here. Okay. I'm sorry. So did Ms. Falk prepare this motion? No. So who did prepare it? Me, my husband, and we consult just a friend of ours. Well, you mention here in your writing that there's an outside experience counsel who has approved the bail motion. I refer to a friend of ours whom we know since 1999. And who is that? It's Mr. John Hartford. John Hartford? Yes. We met in 1999 in some civil matters. He represented me, and we became friends. And what experience does Mr. Hartford have in federal appellate litigation? I don't know specifically what kind of experience he has in appellate court, but I know that he was practicing law for at least 50 years. Criminal law? Criminal and civil, both. Okay. So was he sort of the lead or on drafting the legal arguments in your bail motion? No, he's more on approval side, I would say. Okay. Okay. In your motion, you say that in the alternative, if the court were not going to grant self-representation, you ask in the alternative for appointment of substitute counsel. So what do you think that if the court were to appoint substitute counsel, what do you think would change? I think it would delay proceedings, which I do not intend to. I would like appeal going forward not to be delayed. And like I said, you know, I have both motion for bail pending appeal and brief is ready to be filed. And I'm not sure I want to have another counsel who will start all over. It's a very complex case. It's not a simple one, and it will take a long time for a new counsel to get into this case, and it will definitely delay proceeding, and I don't want it to happen. Okay. I think I understand. All right. Ms. Murgovsky, I'm now going to start with what I said I was going to do, which is to tell you about the dangers and disadvantages of self-representation on appeal. And I'm going to do this to make sure that your waiver of the right to counsel is knowing, intelligent, and unequivocal. In order for it to be intelligent, I want to make sure you understand what would be required of you on the appeal. And I'm going to ask counsel for the government, and Ms. Landau and Ms. Falk too since she's here, to listen as I go through this colloquy. And if you have anything else that you would like to add that would be helpful for Ms. Murgovsky to know about the dangers and disadvantages of an appeal, I'm going to call on you to do that at the end. All right. You may know some of this or may not. I just want to make sure that there's a record that you have heard it all and that you understand all of what's expected of you. So let me begin by pointing out to you that an appeal is different from a trial. The proceedings occur mainly through written submissions called briefs. The proceedings, or those briefs, must comply with specific court rules, and if you represent yourself, you will be expected to comply with those rules, and your appeal could be dismissed if you do not comply. Do you understand that? I do. On appeal, you must obtain and review the transcript of the trial proceedings and identify the potential legal errors committed at trial. The issues on appeal are limited to addressing what occurred at trial, if the trial court proceedings. I realize that you pleaded guilty, so there was none. The court of appeals reviews only what already occurred on the record and will not consider new evidence. Identifying appropriate issues requires legal knowledge and sophisticated analytic ability. If you fail to identify a legal issue, you may be barred from ever raising the issue again. Do you understand that? I do. You are also required to support any assertion of error with legal authority. That means you must be able to research and understand the provisions of the Constitution, the relevant federal statutes and rules, and cases from the relevant courts that have discussed that area of the law. This task requires familiarity with legal research techniques. Do you understand that? I do. There are also strategic determinations that come into play in any appeal. For example, you might identify a large number of issues, but only one of which is strong and the other is weak. It takes judgment and experience to know how many issues you should raise. If you raise too many, you may undermine the strength of your strongest issue by hiding it among a number of weaker issues. Do you understand that? I do. It often is difficult just to understand the analytic components of the issues on appeal. Even if that task is mastered, it is extremely difficult to convey that understanding persuasively in writing to judges who have only limited time to read and study the briefs. Lawyers, like Ms. Landau, spend years developing and perfecting those skills. But if you represent yourself, you will have to accomplish the same thing without that extensive training and experience. I understand. There also are additional difficulties you may encounter in representing yourself on appeal. If your motion for bail pending appeal is unsuccessful and you end up in a facility, your access to legal materials may not be as extensive and free as a lawyer would have. You may or may not have assistants in the facility where you reside, and if you are working with others either inside or outside the facility, there is no guarantee that you will continue to have that assistance available to you in the absence of a formal attorney-client relationship. Finally, it will be more difficult for you to communicate with the court by telephone or email than it would be for a lawyer to do so. Do you understand those issues? I do. In addition to the written submissions, the court allows oral argument of 10 to 20 minutes per side in some cases, not all. This is an opportunity for the parties to ensure that the judges understand the arguments. It is also an opportunity for the judges to ask specific questions about the proper disposition of the appeal. Where a criminal defendant is represented by counsel, the court often allows oral argument. Where a criminal defendant represents herself, the court almost never schedules an oral argument. So by representing yourself, you make it less likely that the court will schedule the oral argument aspect of the appellate process. Do you understand that? Yes. If you are represented by counsel, counsel will prepare a brief. If counsel evaluates your case and concludes that there are no non-frivolous issues, counsel will file a motion and a brief to that effect, in which event you will be allowed to file a brief articulating issues that you think are available even if counsel hasn't. But that would be the only time where you would be allowed to file a brief. If you have counsel, unless counsel files a no-issue brief, the court would only consider the brief of counsel, not a pro se brief. Do you understand that? I do. All right. As I promised, let me ask counsel for the government, is there anything any of you would like to add that I may not have covered in my colloquy? Yes. I think there are two issues that may be appropriate for inquiry outside the presence of government counsel. Excuse me. Can you speak into the microphone? My apologies. I do think there are two areas of inquiry that might be appropriate even outside the presence of government counsel. The first is that Ms. Morgofsky has just said that this decision may have been a group effort as part of a joint defense agreement with her, her husband's attorneys, her husband, and Mr. Hartford. I think there should be an inquiry into the extent to which there is reliance on outside legal advice and whether or not this decision is truly hers or perhaps whether or not there is influence on that decision by other attorneys or other defense attorneys. The second is I think there should also be inquiry on whether or not there are any health issues that may bear on Ms. Morgofsky's ability to represent herself on appeal. And I apologize, I didn't bring any copies, but I do have a publicly filed ECF entry in the district court, which is document 252, which I can hand up if the court would like, which may touch on some of those issues. I'll accept it. Thank you. And those are the only two areas of concern that we had at this point. Thank you. I'm going to take a moment to read this very short filing. Thank you. Thank you. Thank you. Thank you. All right. The government has brought to my attention docket entry 252 from the district court proceedings in this case. It's a declaration of Ms. Morgofsky's then counsel, Richard Mazur, concerning medical opinion that was rendered by a treating physician, Dr. Bocarious, discussing some issues that he observed with Ms. Morgofsky that raised some question about her ability to withstand a trial proceeding. All right. So I do think it's appropriate to ask you, Ms. Morgofsky, a couple of questions. First of all, do you feel – I asked you at the outset whether you were able to answer freely and whether you were under the influence of any drugs. But are you under any – I'm not taking them anymore. Is your current medical condition such that there's any impediment to you making a intelligent decision about the question of self-representation? No. Are you under treatment right now? No. I used to take antidepressant because I did have a depression, you know, after all this ordeal, which happened starting August 25th, 2016. After sentencing, when I had the self-surrender day, first it was in January, then it was moved, I decided that I don't want to go to prison and be on antidepressant. I don't want to deal with ordering drugs, you know, going every day, twice a day, you know, getting it into some medical facility and all this, and I start slowly but surely remove myself from using antidepressant. I thought for, I don't know, three months at least, maybe more, I don't take any antidepressant whatsoever. And actually working on the appeal makes me feel better because before I was not much involved in this case. I was relied on my attorney. And since I start actively participate in my defense, I feel more empowered. I feel much better. I sleep better. That's important. Now let me address the second point that was raised by the government, and that is the question of influence by other people on you. Have you, have other people counseled you about the question of self-representation or urged you to proceed in that manner? It was mutual decision between me and my husband, but basically it was my decision. I was very, very unhappy with my, I'm sorry, my latest representation. And when I read motion for bail, which Ms. Landau filed for me, I was shocked, to be honest. And I decided that it's not going to happen. I have to work on my own motion for bail, especially it's, this motion is super important for me. My sentencing is only 18 months. If the motion for bail will be denied, I basically will spend all my time in prison instead of being, you know, with my husband. And one more thing, which I didn't even put into this introductory statement, it's personal, it's very personal reason, but nevertheless it's super important for me. My husband received nine years in jail. If appeal will not be successful and he will go to jail, I don't know if he, considering his age and his heart condition and his ulcer and other, you know, medical problem, I don't know if we ever will be able to be together. This time, when appellate court will be deciding our appeal, maybe the last time we can be together. We've been married for almost 15 years. And I cherish every day I spend with my husband. All right. I'm sorry. Thank you. You understand. So I want the best. I think that my motion are much more superior than what Ms. Landau wrote and prepared, and I would like it to be considered. Okay. Moving back to where we were, Ms. Landau, do you have anything you would like to add to my colloquy about dangers and disadvantages of self-representation? I'm sorry. No, it's okay. No, Your Honor, I don't. All right. Ms. Falk, your opportunity to talk. No, I have nothing to add, Your Honor. Thank you. Ms. Falk, can I ask you to come up just for one second? Ms. Murgosky referred earlier to a joint defense agreement. Yes, Your Honor. And I wanted to ask you whether, to what extent, that joint defense agreement should affect the Court's decision in ruling on the self-representation request. Well, I just want to make it clear that we're very cognizant of the fact that we represent Mr. Murgosky only, and I have discussed all these legal issues with Mr. Murgosky. So I'm sure that some of my ideas made it into her brief as well, but it's not we hadn't gotten to the stage yet where we were going to talk about jointly the legal issues on the opening brief. So if she were to represent herself, we would, of course, endeavor to have conference calls, whether it be with the BOP or not, because I do think a lot of these issues are crossover issues between the two parties. So, of course, we'll honor the joint defense agreement in the appellate stage in terms of the sharing of ideas, but being very careful, we can't write Ms. Murgosky's brief for her, nor have I drafted anything for her. It would be totally inappropriate for us to have done so, and that did not happen. So it's really a flow of ideas more than it's a draft or anything scripted that did not happen. Well, it's common in a case like this for the parties to file a joint opening brief and a joint reply brief. Would you contemplate a joint briefing in this case? I don't know why not as to maybe the count nine issues where there's constitutional issues, constitutional challenges, but Ms. Murgosky's in a different position having signed a plea agreement than Mr. Murgosky who pled open. So there are some separate issues with respect to that that the government will raise for her that will not be part of Mr. Murgosky's case. But the meat of it, which is the constitutionality of count nine, sure, that could happen. But I don't want to prejudice Ms. Murgosky's, I don't want to stand here today and make promises about a joint brief, because that may not be what she wants. She may want to have her own crack at the apple. There may be issues that she wants to raise that we don't, you know, just to throw some things out there, you know, she may think non-delegation is important, we don't. So I don't want to say yes without consulting with her or her attorney, because it wouldn't be proper for me to do that. So I guess the roundabout answer is we'd certainly be open to that, but I don't want to say that that's what she would want. All right. I understand that. Thank you very much. All right. I think I have a sense of your position, Ms. Murgosky. I think I have a sense of the scope of the appeal and the complexity of the issues. And I'm also cognizant of the, I think, unanimous view of everybody that it would be helpful for this case to move sooner rather than later. So those factors will all weigh in on my ultimate evaluation of the case. So, Ms. Murgosky, in preparing the briefing in this case, it's going to be up to you to do that. Do you feel capable and competent to draft a brief, even if you end up being incarcerated? The brief is ready, pretty much ready. So if I will be, if my motion for bail will be denied and it will be incorporated, I'll make sure that brief is filed or, you know, in the hands of someone who can file it for me before I go to prison or during. All right. Okay. So that will not occur until after the court rules on the pending motion for bail, pending appeal. So I'm going to draft a report and recommendation to the court addressing the self-representation request. And I will send a copy to you, Ms. Murgosky, and give you a short amount of time to read it and an opportunity to submit any comments or objections. It will be served on everybody in the case. And then the report and recommendation, along with any comment that you may have, will be submitted to a panel of judges, and they will make a brief decision whether to grant the request or deny the request or schedule further proceedings to address any other issues they may have. Before we conclude the proceedings today, are there any other procedural matters that are lurking in these appeals that need immediate attention, anything about transcript production or anything like that? There was a motion to consolidate, Ms. Murgosky, and I don't think that motion has been moved on yet. Right. I think it probably will be. The consolidation probably will occur. It's customary for cases arising out of the same trial court proceeding to be consolidated. That will be addressed by a separate order. Thank you. All right. Ms. Murgosky, is there anything further, any other questions you may have or comments? Anything further from the government? Ms. Landau? All right. So I want to thank everybody for getting here in an expedited fashion. This hearing was scheduled quickly. That's because we want to get things moving. So I will go ahead and draft that report and recommendation and get it out to you as quickly as possible. And then we will take it from there. All right. So this matter is then submitted pending the report and recommendation. Thank you all.
judges: Shaw